IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VARICE DWAYNE CHAMBERS AND | § | |
| WENDELL CRAIG BROWN | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:16-cv-419 |
| | § | |
| BIG M TRANSPORTATION, INC. AND | § | |
| JEFFERY CARL BOLDEN | § | JURY REQUESTED |

### DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, BIG M TRANSPORTATION, INC., and hereby gives notice of its removal of Cause No. 48724 filed in the 329th Judicial District Court of Wharton County, Texas, to the United States District Court for the Southern District of Texas pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446.

### Factual Background

1.      On or about September 9, 2014, a two car motor vehicle accident occurred on Highway 59 in Wharton County, Texas allegedly involving all the parties.  Plaintiffs claim they were injured when a Big M. Transportation, Inc. truck driven by Jeffery Carl Bolden struck the rear-end of their vehicle. Plaintiffs claim they were injured as a result of this collision and filed suit in state court.

2.      Plaintiffs filed suit in state court on January 5, 2015.  Service of Citation and Complaint was made on Big M Transportation, Inc. on February 3, 2016.  Defendant Jeffery Carl Bolden has not been served via the Texas Transportation Commission as of this date.  In Plaintiffs' Original Petition there was a monetary claim for damages in an amount greater than $1,000,000,

which exceeds the jurisdictional minimum.   The case has been on file for less than one year. Removal is both timely and appropriate.

## Basis for Removal and Jurisdiction

3.      This cause may be removed pursuant to 28 U.S.C. § 1441(a). "[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending."   This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy is greater than $75,000.00.

## Full Diversity Between the Parties

### Complete Diversity of Citizenship

4.      To have diversity of citizenship, each plaintiff must have a different citizenship from each defendant.  28 U.S.C. § 1332.  Complete diversity of citizenship exists between the parties as the Plaintiffs are Texas citizens and none of the Defendants are Texas citizens or corporations.

5.      Plaintiffs, Varice Dwayne Chambers and Wendell Craig Brown, are residents and citizens of the State of Texas.

6.      Defendant, Jeffery Carl Bolden, is a resident and citizen of the State of Mississippi.

7.      Defendant, Big M. Transportation, Inc. is a Mississippi corporation with its principal place of business in Blue Mountain, Mississippi.

### Amount in Controversy

8.      In order for diversity jurisdiction to exist, the amount in controversy must exceed $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a).

9.     Plaintiffs are seeking more than $1,000,000.00 in damages, as stated in their Original Petition.

## Removal is Timely and Appropriate

10.     If the plaintiff creates diversity jurisdiction sometime after filing the initial complaint, the defendant has one year from the commencement of the suit to remove.  28 U.S.C. § 1446(b).  A defendant has 30 days to remove a civil action after receipt of the first pleading or other paper that establishes the jurisdictional grounds.  28 U.S.C. § 1446(b).  When diversity is the basis for removal, the defendant can rely on the plaintiff's voluntary assertion of damages within the complaint to meet the monetary jurisdictional requirement for diversity.  *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).    "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Here, Plaintiffs' Original Pleading voluntarily asserts an amount in controversy in excess of $75,000.00.  This removal is filed within the thirty (30) days of the service of Plaintiffs' Petition.  The removal is both timely and appropriate.

## Jury Demanded

11.     Defendant requests that the case be tried before a jury.

## Consent of All Served Defendants

12.     Defendant Big M Transportation, Inc. has been properly served and consents to this removal.

13.     Defendant Jeffery Carl Bolden has not been served as of this date.

## Compliance with Local Rule and Notice Requirements

13.     Pursuant to 28 U.S.C. § 1446 and Local Rule 81, the following documents are attached to this Notice:

Exhibit A ........... Docket Book Report

Exhibit B ........... Plaintiffs' Original Petition, Jury Demand, Requests for Disclosure and Rule 193.7 Notice

Exhibit C ........... Citation of Big M. Transport, Inc.

Exhibit D ........... Return of Citation from Texas Secretary of State for Big M Transportation, Inc.

Exhibit D ........... Citation of Jeffrey Carl Bolden

Exhibit F ............ Return of Citation from the Texas Transportation Commission for Jeffrey Carl Bolden

Exhibit G ........... Notice from the General Counsel of the Texas Transportation Commission regarding Jeffrey Carl Bolden not being served – "return to sender, not deliverable as addressed, unable to forward"

Defendant knows of no orders signed by the state judge.

14.     Pursuant to 28 U.S.C. 1446(d), written notice of the filing of this instrument will be given to Plaintiffs.  A true and correct copy of this Notice of Removal also will be attached as an exhibit with the written Notice of Removal filed with the clerk of the state court.

Respectfully submitted,

/s/ Roger D. Oppenheim
_____
Roger D. Oppenheim
FBN:  14206
SBN:  15292400

OF COUNSEL:
**LORANCE & THOMPSON, P.C.**
2900 North Loop West, Suite 500
Houston, TX 77092
713/868-5560
713/864-4671 (fax)
rdo@lorancethompson.com
ATTORNEY FOR DEFENDANT
BIG M TRANSPORTATION, INC.

## CERTIFICATE OF SERVICE

On this 17th day of February, 2016, a true and correct copy of the foregoing instrument has been provided to all parties by e-filing and/or telefax transmission.

Mr. Matthew Stano
Mr. Langdon "Trey" Smith
Jim S. Adler & Associates
1900 West Loop South, 20th Floor
Houston, TX 77027
mstano@jimadler.com
lsmith@jimadler.com

/s/ Roger D. Oppenheim

_____
Roger D. Oppenheim

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| VARICE DWAYNE CHAMBERS AND | § | |
| WENDELL CRAIG BROWN | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:16-cv-419 |
| | § | |
| BIG M TRANSPORTATION, INC. AND | § | |
| JEFFERY CARL BOLDEN | § | JURY REQUESTED |

### INDEX OF MATTERS BEING FILED

Defendant, BIG M TRANSPORTATION, INC., in connection with the removal of this case

to the United States District Court for the Southern District of Texas, Houston Division, file its

index of matters, as follows:

Exhibit A ........... Docket Book Report

Exhibit B ........... Plaintiffs' Original Petition, Jury Demand, Requests for Disclosure
and Rule 193.7 Notice

Exhibit C ........... Citation of Big M. Transport, Inc.

Exhibit D ........... Return of Citation from Texas Secretary of State for Big M
Transportation, Inc.

Exhibit D ........... Citation of Jeffrey Carl Bolden

Exhibit F ............ Return of Citation from the Texas Transportation Commission for
Jeffrey Carl Bolden

Exhibit G ........... Notice from the General Counsel of the Texas Transportation
Commission regarding Jeffrey Carl Bolden not being served –
"return to sender, not deliverable as addressed, unable to forward"

Respectfully submitted,

/s/ Roger D. Oppenheim

_____

Roger D. Oppenheim
FBN:  14206
SBN:  15292400

OF COUNSEL:
**LORANCE & THOMPSON, P.C.**
2900 North Loop West, Suite 500
Houston, TX 77092
713/868-5560
713/864-4671 (fax)
rdo@lorancethompson.com
ATTORNEY FOR DEFENDANT
BIG M TRANSPORTATION, INC.


## CERTIFICATE OF SERVICE

On this 17th day of February, 2016, a true and correct copy of the foregoing instrument has been provided to all parties by e-filing and/or telefax transmission.

Mr. Matthew Stano
Mr. Langdon "Trey" Smith
Jim S. Adler & Associates
1900 West Loop South, 20th Floor
Houston, TX 77027
mstano@jimadler.com
lsmith@jimadler.com


/s/ Roger D. Oppenheim
_____
Roger D. Oppenheim


577411.1 PLD 0001577 10248 RDO

CASE # CV48724                      COURT: 329TH DISTRICT COURT              02/09/2016
CAUSE: INJ/DAM-OTHER INJ/DAM
STYLE: CHAMBERS,VARICE DWAYNE        VS BIG M TRANSPORTATION, INC. AND
       AND WENDELL CRAIG BROWN          JEFFERY CARL BOLDEN

                                    PLAINTIFF

NAME _____              ATTORNEY _____

CHAMBERS,VARICE DWAYNE         P                   STANO,MATTHEW C.
AND WENDELL CRAIG BROWN                            1900 WEST LOOP SOUTH
                                                   20TH FLOOR
                                                   HOUSTON, TEXAS 77027
                                                   713-341-1402

                                    DEFENDANT

NAME _____              ATTORNEY _____

BIG M TRANSPORTATION, INC.     D

BOLDEN,JEFFERY CARL            D

                          _____

TRANSACTIONS FOR ALL PARTIES                        /  /    THRU   /  /

01/05/2016            PLAINTIFF'S ORIGINAL PETITION,JURY DEMAND,REQUESTS    341.00-   I    7
CHAMBERS,VARICE DW    FOR DISCLOSURE, & RULE 193.7 NOTICE/LE
01/05/2016            PAYMENT OF EFILING FEES/LE                           341.00
CHAMBERS,VARICE DW
02/03/2016            CITATION SERVED/AK                                             I    2
BIG M TRANSPORTATI
02/03/2016            CITATION SERVED/AK                                             I    2
BOLDEN,JEFFERY CAR

I, Kendra Charbula, District Clerk of Wharton County,
Texas, do hereby certify that the foregoing is a true, correct
and full copy of the Instrument herein set out as appears of
record in the District Court of Wharton County, Texas.
This 9TH day of February 20 16

KENDRA CHARBULA, DISTRICT CLERK

By _____ Deputy



DEFENDANT'S
EXHIBIT

A

CV 48,724

Filed 1/5/2016 3:11:59 PM
Kendra Popp-Charbula
District Clerk
Wharton County, Texas

Leslie Enloe

CAUSE NO. CV 48,724

| | | |
|---|---|---|
| VARICE DWAYNE CHAMBERS and | § | IN THE DISTRICT COURT |
| WENDELL CRAIG BROWN | § | |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | OF WHARTON COUNTY, TEXAS |
| | § | |
| BIG M TRANSPORTATION, INC. and | § | |
| JEFFERY CARL BOLDEN | § | |
| *Defendants.* | § | 329TH JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, REQUESTS FOR DISCLOSURE, AND RULE 193.7 NOTICE

COME NOW, VARICE DWAYNE CHAMBERS and WENDELL CRAIG BROWN, Plaintiffs in the above-styled and numbered cause of action complaining of Defendants BIG M TRANSPORTATION, INC. and JEFFERY CARL BOLDEN and in support thereof would show unto this Honorable Court the following:

### I. DISCOVERY CONTROL PLAN

1.1    The damages in this case exceed $50,000.00. Plaintiffs request discovery in this case to be conducted under a Level 2 Discovery Control Plan in accordance with Texas Rule of Civil Procedure 190.3.

### II. CLAIM FOR RELIEF

2.1    Plaintiffs seek monetary relief for actual damages that exceed $100,000 but not to exceed $200,000.00. In the alternative, Plaintiffs sue for actual damages that exceed $200,000.00 but not to exceed $1,000,000.00.

### III. PARTIES

3.1    Plaintiff, Varice Dwayne Chambers ("Plaintiff Chambers"), is a resident of Harris County, Texas.

3.2    Plaintiff, Wendell Craig Brown ("Plaintiff Brown"), is a resident of Harris County, Texas.



CV 48,724

3.3    Defendant, Big M Transportation, Inc. (hereinafter referred to as "Defendant Big M"), is a foreign corporation engaged in business in Texas. The foreign corporation does not maintain a regular place of business in Texas, does not have designated agent for service of process in Texas and the lawsuit arises from the foreign corporation's business in Texas.  Pursuant to Texas Civil Practices and Remedies Code 17.044, the Secretary of State is the agent for service on the foreign corporation.  Defendant may be served with process though mailing by certified mail, return receipt requested, a true copy of the citation and petition to: Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079, who shall forward documents to president Michael Massengill, 6341 B Hwy 15, Blue Mountain, MS, 38610.

3.4    Defendant, Jeffery Carl Bolden (hereinafter referred to as "Defendant Bolden"), is a person who is nonresident of Texas.  Pursuant to Texas Civil Practices and Remedies Code 17.061, the Chair of the Texas Transportation Commission is the agent for service of process on a person who is a nonresident of Texas in any suit against a person involved in an accident that occurred while operating a motor vehicle on a public highway or street in this state.  Defendant may be served with process, in person, or mailing by registered or certified mail, return receipt requested, a true copy of the citation and petition to:  Tyron D. Lewis, Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, TX 78701-2483, who shall forward documents to Jeffery Carl Bolden, 938 Temperance Hill Cir., Potts Camp, MS, 38659.

## IV. JURISDICTION and VENUE

4.1    This Court has jurisdiction in this cause since the damages to Plaintiffs are within the jurisdictional limits of this Court.

4.2    All, or a substantial part, of the events or omissions giving rise to the claim occurred in Wharton County.  Therefore, venue is proper Pursuant to §15.001 and §15.002(a)(1) of the Texas Civil Practice & Remedies Code.  Additionally, the venue is proper because the facts show that the

CV 48,724

convenience of the parties, and the witnesses, and the interest of justice would be best served in Wharton County.

4.3     Plaintiffs have satisfied all conditions precedent to this lawsuit.

4.4     Nothing Plaintiffs did caused or contributed to this occurrence.

## V. FACTS

5.1     On or about September 25, 2014, Plaintiffs were travelling northbound on US 59 in Wharton County, Texas.   At said time and place, Defendant Jeffery Bolden, was travelling northbound on US 59 behind Plaintiffs.  Suddenly, and without warning, Defendant's vehicle failed to control the speed of his tractor trailer, and collided into Plaintiffs' vehicle.  At the time of the wreck, Defendant Bolden was operating the tractor and trailer on behalf of Defendant Big M. Defendant Bolden was issued a citation for following too closely.

5.2     Defendants' negligence proximately caused serious bodily injuries to Plaintiffs.  The collision occurred with tremendous force, proximately causing Plaintiffs to suffer severe, excruciating, and painful debilitating injuries.

## VI. NEGLIGENCE OF DEFENDANT BOLDEN

6.1     The collision made the basis of this lawsuit resulted from the improper conduct of Defendant Bolden. The conduct of Defendant Bolden constitutes negligence and/or negligence *per se* as that term is understood in law and such negligent conduct was a proximate cause of the occurrence, injuries, and damages to Plaintiffs made the basis of this suit.  Defendant Bolden's negligent actions or omissions include, but are not limited to, one or more of the following non-exclusive particulars:

a.     failing to control the operation of his vehicle;

b.     failing to maintain a proper lookout;

c.     failing to pay attention to his surroundings;

d.     failing to avoid the incident in question;

Page 3 of 7

e.    failing to operate his vehicle as a person of ordinary prudence would have in the same or similar circumstance;

f.    failing to control the speed of his vehicle;

g.    failing to make a safe turn;

h.    following too closely;

i.    other acts of negligence and negligence per se.

6.2    One, some, or all of the foregoing acts and/or omissions or others on the part of Defendant Bolden constituted negligence and/or negligence *per se*. Such negligence was the proximate cause of the Plaintiffs' injuries and damages.

## VII.  NEGLIGENCE OF DEFENDANT BIG M

7.1    At all times relevant hereto, Defendant Big M Transportation, Inc. was the owner of the tractor and trailer operated and hauled by Defendant Bolden.  Further, pursuant to the Federal Motor Carrier Safety Administration Regulations, Defendant Bolden was considered a statutory employee of Defendant Big M since he was operating an 18-wheeler for the benefit of Defendant Big M.  Additionally, Defendant Bolden was operating the 18-wheeler under Defendant Big M's operating authority.  Accordingly, Defendant Big M is liable for the negligence of its statutory employee Defendant Bolden under the theory of *respondeat superior*.

7.2    The independent conduct of Defendant Bog M constitutes negligence as that term is known in law.  Such negligent acts or omission include, but are not limited to the following:

a.    allowing Defendant Bolden to operate its vehicle even though it knew or should have known he was a reckless or incompetent driver;

b.    retaining Defendant Bolden to operate its vehicle even though it knew or should have known he was a reckless or incompetent driver;

c.    entrusting a vehicle to Defendant Bolden even though it knew or should have known he was a reckless or incompetent driver;

d.    failing to properly train Defendant Bolden in the safe operation of a motor vehicle;

e.    failing to properly supervise Defendant Bolden's driving activities;

Page 4 of 7

f.      failing to properly maintain the vehicle in a safe operational condition;

g.      failing to maintain the vehicle to the minimal standard of safety;

h.      failing to establish and enforce safety rules and regulations;

i.      failing to properly educate, instruct, and supervise the performance of Defendant Bolden's duties;

j.      failing to adequately train, educate, or provide instructions and orders to Defendant Bolden;

k.      failing to provide proper safety manuals and instructions to employees responsible for safety; and

l.      failing to enforce and ensure compliance of established safety and operational rules and regulations for persons operating its equipment.

## VIII.  DAMAGES

8.1     As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of Defendants Big M and Bolden, Plaintiffs sustained significant injuries and damages in the past and will, in reasonable probability, sustain these damages in the future.

8.2     Plaintiffs respectfully requests that the trier of fact determine the amount of his damages and losses that he has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

a.      past and future physical pain and suffering and mental anguish;

b.      past and future disfigurement;

c.      past and future physical impairment;

d.      past and future medical care expenses;

e.      past and future loss of earning capacity;

f.      past and future household services;

f.      past and future out-of-pocket economic losses.

CV 48,724

8.3    Because of all of the above and foregoing, Plaintiffs have suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Plaintiffs now bring suit.

8.4    Plaintiffs seek both prejudgment and post judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which he may be entitled.

### IX.  PRESERVATION OF EVIDENCE

9.1    Plaintiffs hereby request and demand that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs, videotapes, audiotapes, recordings, business or medical records; bills; estimates; invoices; checks; measurements; correspondence; memoranda; files; any item which has been removed from the premises which was involved in the incident; facsimile; email; voicemail; text messages; investigation; cellular telephone records; calendar entries; and any electronic image, data, or information related to Plaintiffs, the referenced incident, or any damages resulting therefrom. Failure to maintain such items will constitute a spoliation of the evidence.

### X.  JURY DEMAND

10.1    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs respectfully request and demand a trial by jury. The appropriate jury fee is tendered with the filing of this pleading.

### XI. REQUESTS FOR DISCLOSURE

11.1    Pursuant to Rule 194, request is made that each Defendant disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2(a)-(l). Each Defendant must serve a written response to these Requests for Disclosure on Plaintiff within fifty (50) days after the service of this Request. Failure to timely respond shall constitute an abuse of Discovery pursuant to Texas Rule of Civil Procedure 215.

CV 48,724

## XII. RULE 193.7 NOTICE

12.1     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby give

actual notice to each Defendant that any and all documents produced may be used against the

Defendant producing the document at any pretrial proceeding and/or at the trial of this matter

without the necessity of authenticating the documents.

## CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited in

terms of law to appear and answer herein, and that upon final trial and hearing hereof, Plaintiffs

recover damages in accordance with the evidence, costs of Court herein expended, interest to which

Plaintiffs are justly entitled under the law, and that the Court grant Plaintiffs such other and further

relief, both general and special, at law and in equity, to which Plaintiffs may be justly entitled.


Respectfully submitted,

**JIM S. ADLER & ASSOCIATES**


By:   /s/ Matthew C. Stano              .
       **MATTHEW C. STANO**
       State Bar No. 24077073
       mstano@jimadler.com
       **LANGDON "TREY" SMITH**
       State Bar No. 00797456
       lsmith@jimadler.com
       JIM S. ADLER & ASSOCIATES
       3D International Tower
       1900 West Loop South, 20th Floor
       Houston, TX 77027
       T: 713-341-1402
       F: 713-781-2514

       **ATTORNEYS FOR PLAINTIFFS**

Filed 2/3/2016 4:20:23 PM
Kendra Popp-Charbula
District Clerk
Wharton County, Texas

Alice Krushali

ATTORNEY FOR PLAINTIFF CONFIDENTIAL'S 001
MATTHEW STANO
1900 WEST LOOP SOUTH, 20TH FLOOR
HOUSTON, TEXAS 77027

## THE STATE OF TEXAS

### CAUSE NO. 48,724

**VARICE DWAYNE CHAMBERS AND WENDELL CRAIG BROWN**
**VS**
**BIG M TRANSPORTATION, INC, AND JEFFERY CARL BOLDEN**

### CITATION
### 329TH DISTRICT COURT
### OF WHARTON COUNTY, TEXAS

**TO: BIG M TRANSPORTATION, INC.**
    **SERVE REGISTERED AGENT: MICHAEL MASSENGILL**
    **6341 B HWY 15**
    **BLUE MOUNTAIN, MS 38610**

Respondent in the hereafter styled and numbered cause:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Said answer may be filed by mailing same to: District Clerk's Office, P.O. Box 391, Wharton, Texas 77488, or by bringing it to the office. Our office location is 103 S. Fulton, Suite 100, Wharton, Texas 77488. The case is presently pending before the 329th District Court of Wharton County before the Honorable Judge Randy M. Clapp. The cause number is 48,724 and was filed in this office on JANUARY 5, 2016. The style of the case is

**VARICE DWAYNE CHAMBERS AND WENDELL CRAIG BROWN**
**PLAINTIFF(S)**

**VS.**

**BIG M TRANSPORTATION, INC. AND JEFFERY CARL BOLDEN**
**DEFENDANT(S)**

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, REQUESTS FOR DISCLOSURE**
**AND RULE 193.7 NOTICE**

ISSUED and GIVEN under my hand and seal of said court, this the 5TH day of JANUARY, 2016.

KENDRA CHARBULA, DISTRICT CLERK
WHARTON COUNTY, TEXAS
BY _____
LESLIE ENLOE, SENIOR DEPUTY

### OFFICER'S RETURN

Came to hand on the 15th day of Jan, 2016, at 3¹⁵ o'clock ___ m. Executed at _____, within the County of _____ at _____ o'clock ___ m on the ___ day of _____, 20___ By delivering to the within named _____ a true copy of this citation together with the accompanying copy of the petition, and endorsed on such copy of citation, the date of delivery.

Service Fee $ _____

Sheriff Constable _____, _____ County, Texas

By _____, Deputy/Process Server

**AFFIDAVIT ATTACHED**



DEFENDANT'S
EXHIBIT
C
ALL-STATE LEGAL®

## RETURN OF SERVICE

### Cause No. CV 48,724

In The 329th Judicial District of
Wharton County, Texas

VARICE DWAYNE CHAMBERS,
ET AL
      Plaintiff

V.

BIG M TRANSPORTATION, INC,
ET AL
      Defendant

Came to hand on January 15, 2016, at 03:15 PM.

Executed at 1019 Brazos Street, First Floor, Austin, TX 78701, within the County of Travis at 12:35 PM on January 19, 2016, by delivering to the within named:

### BIG M TRANSPORATION, INC,

**by delivering to THE TEXAS SECRETARY OF STATE, by and through its designated agent, MICHAEL ORTA, true duplicate copies of this Citation together with Plaintiff's Original Petition, Jury Demand, Request for Disclosure, and Rule 193.7 Notice, having first endorsed upon both copies of such process the date of delivery, and tendering the $55 Statutory Fee.**

I certify that I am approved by the Supreme Court of Texas, Misc. Docket No. 05-9122 under rule 103, 501 and 501.2 of the TRCP to deliver citations and other notices from any District, County, and Justice Courts in and for the State of Texas. I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced cause, I have not been convicted of a felony or a crime involving moral turpitude, and I am not interested in the outcome of the above-referenced cause.

By: 

        Thomas R. Kroll
        SCH-3012, Exp: 8/31/2016

### VERIFICATION

STATE OF TEXAS     §
COUNTY OF TRAVIS   §

    BEFORE ME, A NOTARY PUBLIC, on this day personally appeared Thomas R. Kroll, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.
    Given under my hand and seal of office this January 22, 2016.

16-018552/Chambers & Brown

NOTARY PUBLIC, STATE OF TEXAS



ATTORNEY FOR PLAINTIFF
MATTHEW STANO
1900 WEST LOOP SOUTH, 20TH FLOOR
HOUSTON, TEXAS 77027

Filed 2/3/2016 4:20:23 PM
Kendra Popp-Charbula
District Clerk
Wharton County, Texas

Alice Krushall

## THE STATE OF TEXAS

### CAUSE NO. 48,724

## VARICE DWAYNE CHAMBERS AND WENDELL CRAIG BROWN
## VS
## BIG M TRANSPORTATION, INC. AND JEFFERY CARL BOLDEN

### CITATION

### 329TH DISTRICT COURT
### OF WHARTON COUNTY, TEXAS

TO: JEFFERY CARL BOLDEN
    938 TEMPERANCE HILL CIR.,
    POTTS CAMP, MS 38659

Respondent in the hereafter styled and numbered cause:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Said answer may be filed by mailing same to: District Clerk's Office, P.O. Box 391, Wharton, Texas 77488, or by bringing it to the office. Our office location is 103 S. Fulton, Suite 100, Wharton, Texas 77488. The case is presently pending before the 329th District Court of Wharton County before the Honorable Judge Randy M. Clapp. The cause number is 48,724 and was filed in this office on JANUARY 5, 2016. The style of the case is:

VARICE DWAYNE CHAMBERS AND WENDELL CRAIG BROWN
PLAINTIFF(S)

VS.

BIG M TRANSPORTATION, INC. AND JEFFERY CARL BOLDEN
DEFENDANT(S)

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, REQUESTS FOR DISCLOSURE
### AND RULE 193.7 NOTICE

ISSUED and GIVEN under my hand and seal of said court, this the 5TH day of JANUARY, 2016.

KENDRA CHARBULA, DISTRICT CLERK
WHARTON COUNTY, TEXAS

BY _____
LESLIE ENLOE, SENIOR DEPUTY

### OFFICER'S RETURN

Came to hand on the 15th day of Jan , 2016, at 3:15 o'clock P m. Executed at _____
_____ within the County of _____ at _____ o'clock ___m on the _____ day of
_____ , 20____ By delivering to the within named _____ a true copy of this citation
together with the accompanying copy of petition had and endorsed on such copy of citation, the date of delivery.

**AFFIDAVIT ATTACHED**

Service Fee...$ _____

Sheriff/Constable of _____ County, Texas

By _____, Deputy/Process Server



## RETURN OF SERVICE

### Cause No. CV 48,724

In The 329th Judicial District of
Wharton County, Texas

VARICE DWAYNE CHAMBERS,
ET AL
     Plaintiff

V.

BIG M TRANSPORTATION, INC,
ET AL
     Defendant

Came to hand on January 15, 2016, at 03:15 PM.

Executed at 125 E. 11th Street, 6th Floor, Austin, TX 78701, within the County of Travis at 12:40 PM on January 19, 2016, by delivering to the within named:

### JEFFREY CARL BOLDEN,

**by delivering to the Chair of the Texas Transportation Commission, by and through the Texas Department of Transportation's Office of General Counsel, by delivering to its designated agent, ALICIA RAMON-KANE, a true copy of this Citation together with Plaintiff's Original Petition, Jury Demand, Request for Disclosure, and Rule 193.7 Notice, having first endorsed upon such copy of such process the date of delivery, and tendering the $25 Statutory Fee.**

I certify that I am approved by the Supreme Court of Texas, Misc. Docket No. 05-9122 under rule 103 and 536(a) of the TRCP to deliver citations and other notices from any District, County, and Justice Courts in and for the State of Texas. I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced cause, I have not been convicted of a felony or a crime involving moral turpitude, and I am not interested in the outcome of the above-referenced cause.



By: _____
     Thomas R. Kroll SCH-3012,
     Exp: 8/31/2016

### VERIFICATION

STATE OF TEXAS     §
COUNTY OF TRAVIS     §

    BEFORE ME, A NOTARY PUBLIC, on this day personally appeared Thomas R. Kroll, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.

    Given under my hand and seal of office this January 22, 2016.

_____
NOTARY PUBLIC, STATE OF TEXAS

16-018553/Chambers & Brown



**DEFENDANT'S EXHIBIT**

**F**

## Ruth Ann Stallions

**From:**            Ruth Ann Stallions
**Sent:**            Tuesday, February 16, 2016 4:24 PM
**To:**              Roger D. Oppenheim
**Subject:**         FW: Jeffery Carl Bolden Service – Returned
**Attachments:**     Scanned from P-ADM11-RM628-WC7845..pdf


-----Original Message-----
From: Alicia Ramon-Kane [mailto:Alicia.RamonKane@txdot.gov]
Sent: Tuesday, February 16, 2016 4:13 PM
To: Ruth Ann Stallions
Subject: Jeffery Carl Bolden Service - Returned


As requested, attached is the scanned copy of the envelope received for OGC#41654 Jeffery Carl Bolden.

Sincerely,

Alicia Ramon-Kane
Citation Processor
TxDOT - Office of General Counsel
Tel. (512) 463-5718


[Kick off the game with a plan to get home safe.]<http://www.txdot.gov/driver/sober-safe/football.html>



1



CERTIFIED MAIL

7015 0640 0004 4922 1168

**Texas Department of Transportation**
125 E 11TH STREET·AUSTIN TX 78701-2483

Business
of Texas
ty For
Private Use



U.S. POSTAGE ≫ PITNEY BOWES

ZIP 78704 $ 006.95⁵
02 1W
0001387046 JAN 28 2016

UTF

RECEIVED
FEB 16 2016
GENERAL COUNSEL

41654
Jeffery Carl Bolden
938 Temperance Hill Circle
Potts Camp, MS 38659

78701⌀2483

NIXIE       381    5C  1           0202/09/16

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 78701248399        *1247-06929-09-33



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

41654
Jeffery Carl Bolden
938 Temperance Hill Circle
Potts Camp, MS 38659

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    □ Agent
                                     □ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
   ☑ Certified Mail    □ Priority Mail Express™
   □ Registered        □ Return Receipt for Merchandise
   □ Insured Mail      □ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number
(Transfer from service label)

7015 0640 0004 4922 1168

PS Form 3811, July 2013          Domestic Return Receipt

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **VARICE DWAYNE CHAMBERS AND** | § | |
| **WENDELL CRAIG BROWN** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:16-cv-419** |
| | § | |
| **BIG M TRANSPORTATION, INC. AND** | § | |
| **JEFFERY CARL BOLDEN** | § | **JURY REQUESTED** |

<u>LIST OF PARTIES, COUNSEL OF RECORD AND STATUS</u>

**PLAINTIFFS:**                                      **DEFENDANTS:**
Varice Dwayne Chambers                Big M Transportation, Inc.
Wendell Craig Brown                       Jeffery Carl Bolden

<u>ATTORNEYS:</u>

**ATTORNEY FOR PLAINTIFFS:**                    **ATTORNEY FOR DEFENDANT**
Matthew Stano                                              **BIG M TRANSPORTATION, INC.**
SBN:  24077073                                            Roger D. Oppenheim
FBN:                                                             SBN:  15293400
Langdon "Trey" Smith                                   FBN:  14205
SBN: 99797456                                            **LORANCE & THOMPSON, PC**
**JIM S. ADLER & ASSOCIATES**                    2900 North Loop West, Ste. 500
1900 West Loop South, 20th Floor             Houston, TX 77092
Houston, TX 77027                                       713/868-5560
713/341-1402                                              713/864-4671 (fax)
713/781-2514 (fax)                                      rdo@lorancethompson.com
mstano@jimadler.com
lsmith@jimadler.com

<u>STATUS OF REMOVED CASE</u>:

January 5, 2016            Plaintiffs' Original Petition, Jury Demand, Requests for Disclosure
                                    and Rule 193.7 Notice

February 17, 2016        Defendants' Notice of Removal

Defendant, Big M. Transportation, Inc., has been served with the Plaintiffs' Original
Petition, Jury Demand and Requests for Disclosure.  Defendant, Jeffery Carl Bolden, has not been
served.  Neither parties have filed responses to written discovery.  No depositions have been taken.

The matter has not been mediated.  The case has no trial setting or other court ordered deadlines.

Respectfully submitted,

/s/ Roger D. Oppenheim

_____

Roger D. Oppenheim
FBN:  14206
SBN:  15292400

OF COUNSEL:
**LORANCE & THOMPSON, P.C.**
2900 North Loop West, Suite 500
Houston, TX 77092
713/868-5560
713/864-4671 (fax)
rdo@lorancethompson.com
ATTORNEY FOR DEFENDANT
BIG M TRANSPORTATION, INC.

## CERTIFICATE OF SERVICE

On this 17th day of February, 2016, a true and correct copy of the foregoing instrument has been provided to all parties by e-filing and/or telefax transmission.

Mr. Matthew Stano
Mr. Langdon "Trey" Smith
Jim S. Adler & Associates
1900 West Loop South, 20th Floor
Houston, TX 77027
mstano@jimadler.com
lsmith@jimadler.com

/s/ Roger D. Oppenheim

_____

Roger D. Oppenheim

577411.1 PLD 0001577 10248 RDO